HARRISBURG MANUFACTURING AND BOILER COMPANY, Plaintiff,
   *v.* ROBERT WILLARD WALKER and DEWITT CLINTON NOYES,
   Defendants.

Supreme Court, New York County, May 13, 1925.

**Sales — action by seller to recover purchase price of seller's interest in
   assets of bankrupt corporation under written agreement of sale —
   buyers, after purchasing assets of corporation at receiver's sale, refused
   to pay purchase price of seller's interest in said corporation — defend-
   ants, purchasing " as parties of the second part " jointly and separately
   liable on contract — transfer of corporation property to one defendant
   vested title in him of specific goods in deliverable state within meaning
   of Personal Property Law, § 100, rule 1 — seller not required to tender
   interest to buyer.**

Parties to a contract, upon which they undertook to purchase the assets of a
   bankrupt corporation jointly as " parties of the second part," are jointly and
   separately liable on said contract, where it appears that while both were present
   at the sale, the funds for the purchase of the property were advanced by one
   party and possession was taken by the other, since to permit the party in whom
   the title did not repose to avoid his obligations on said contract would lend aid
   to subterfuge and deception.

In an action by the plaintiff, as seller, to recover the purchase price of its interest
   in the assets of the bankrupt corporation under a written agreement of sale,
   by which the defendants agreed to pay plaintiff the sum of $7,500 less one-half
   of the price paid at the receiver's sale, said plaintiff, as a condition precedent
   to its right to receive payment for said interest, is not required to prove a tender
   of its interest in said assets, where the defendants after being awarded the
   property for $5,000, effected a transfer of their rights to a new corporation,
   and thereafter refused to pay the amount, which, under the agreement, plaintiff
   was entitled to, *i. e.,* $5,000, since the defendants by the acquisition of the
   property from the receiver, became vested with a legal title to specific goods in
   a deliverable condition within the meaning of rule 1 of section 100 of the
   Personal Property Law.  Moreover, by the transfer of the defendants' interest
   in the property to the corporation the executory contract ripened into an
   executed contract of sale, under which both defendants are liable.

ACTION by seller against buyers to recover purchase price under
contract.

*A. J. Baruth* and *Robert B. Honeyman,* for the plaintiff.

*Lee, Smith & Wise* [*J. H. O'Connell* of counsel], for the defendant
Noyes.

LEVY, J.:

The defendants, Walker and Noyes, as " parties of the second
part," entered into a written agreement with the plaintiff whereby
the former agreed to purchase at a receiver's sale the assets of
the Hurlburt Motors, Inc., for a sum not to exceed $15,000, and by
the same instrument the plaintiff agreed to sell all its right, title

and interest in said property to the defendants, the said parties of the second part, " for the sum of $7,500, less one-half of the purchase price bid at said sale by the parties of the second part." There were certain other conditions hereinafter mentioned with reference to the termination of certain litigation then pending.

Thereafter defendant Walker made a bid of $3,500 at the receiver's sale of the aforesaid assets, which was rejected; and thereupon, having increased his offer to $5,000, he was awarded the property, consisting of " machinery, automobile parts, etc.," and the transfer was confirmed by order of the United States District Court. At this sale where both the defendants were represented by attorneys, the plaintiff waived all liens. It appears that while the property was purchased in the name of Walker, his codefendant Noyes, who was his brother-in-law, put up the required $5,000 cash, which he claims he loaned to Walker on a promissory note. Walker then transferred the property so acquired to the Walker Motors, Inc. The plaintiff thereupon made demand upon the defendants for the sum due under the contract, the difference between $7,500 and one-half of the purchase price at the receiver's sale, that is, the sum of $5,000. Noyes told plaintiff's representative to take the matter up with Walker, as he did not attend to the details. Walker at first said he was not ready to pay just then, but afterwards refused to do so absolutely, claiming that he had been unfairly treated by the plaintiff, who he said had overcharged him for certain automobile parts.

The plaintiff then brought suit against both defendants. At the trial Walker defaulted, Noyes alone appearing and urging as his principal defense that the plaintiff had failed to prove tender of its interest to the defendants, which was an alleged condition precedent to plaintiff's right to receive payment; and further defending on the ground that Walker, and not he, had bought the property. The second defense can be disposed of with little difficulty. Noyes and Walker jointly " as parties of the second part " undertook to purchase the assets. Noyes was present at the sale and advanced the funds for the purchase. Under these circumstances, to say that Noyes could avoid his obligations by asserting that Walker had bought the assets in his own name, is to countenance an attempt at subterfuge and deception. Walker, with the aid of Noyes, purchased the property in pursuance of the obligation of the " parties of the second part " under the contract, and Noyes is, therefore, liable to the plaintiff, if the latter complied with the conditions precedent by it to be performed, under the law and under the contract.

The original agreement was executory. When Walker acting

under it acquired title to the property from the receiver, he became vested with the legal title of specific goods in a deliverable state. (Pers. Prop. Law, § 100, rule 1.) If there be any doubt in the matter, it disappears with the transfer of the property to the Walker Motors, Inc. By reason of this the executory arrangements ripened into an executed sale, and the plaintiff's right became that of an unpaid seller. No new tender was, therefore, necessary in order to entitle the plaintiff to proper payment.

A case which by contrast may throw light on this situation is *Delaware Trust Co.* v. *Calm* (195 N. Y. 231). There the parties bought certain mineral lands and mining claims, as joint venturers, taking title to some of the land in the name of their respective nominees or " dummies," to use the colloquial phrase. The defendants agreed that at any time within three years they would purchase for cash all the right and interest of the plaintiff's assignors. Prior to the expiration of the option the latter wrote to the defendants announcing his election to close the matter and accept repayment, saying: " I should like to leave the matter open until January." The court held that this notice was not a sufficient tender, because the property was both *real* and personal and some of it stood in the name of the " nominees " of the plaintiff's assignors, who were not parties to the agreement or the action. Besides, the notice was indefinite in leaving the matter open for a possible future contingency which might make the exercise of the option to seller undesirable. " Under these circumstances," the court said (at p. 235), " it was the duty of the plaintiff or its assignors to tender performance on their part and to demand performance on the part of the defendants before subjecting them to the expense and annoyance of an action to recover the amount of the purchase price. *Otherwise the sellers would have both money and property and the buyers nothing.*" (Italics mine.) But in the instant case plaintiff at the time of its demand had neither money nor property. In the cited case (at p. 236) " one party had something to sell and agreed to sell it, but it was a kind of property that required a written transfer not only from themselves but from their nominees or representatives before the sale could be completed and a debt created." Here, no real property being involved, a written transfer was not essential; the sale was executed and the purchase price due.

Defendant Noyes makes a point of the fact that under the contract certain actions were to be discontinued and bonds canceled, and urges that the plaintiff failed to secure the discontinuance of a certain action and the cancellation of a certain bond. There is no clear statement in the contract of any cause of action in

**30**  GRISWOLD R. & H. CORP. *v.* WEST END AVE. & 75TH ST. CORP.

Supreme Court, May, 1925.                     [Vol. 125

which the Harrisburg Company was plaintiff, and the only action not discontinued which was referred to in the evidence is one entitled " Bayard, Dunkle, and Campbell, plaintiffs, against Hurlburt Motors, Inc., defendants." Even if the discontinuance of that action were a condition precedent to plaintiff's right to recovery, there is nothing either in the contract or in the evidence, to connect the Harrisburg Company with the plaintiffs there, or to impose any distinct obligation upon it to procure such discontinuance.

The case having been tried under the usual Trial Term, Part III, stipulation with a waiver of the submission of findings, a verdict is directed in favor of the plaintiff against both defendants in the sum of $5,000, with interest from March 10, 1921, together with costs and disbursements. Judgment will be entered accordingly.